UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | 10 CR 987-1 |
| v. | |
| | Hon. Sara L. Ellis |
| BRUCE WHITTLER | |

**<u>DEFENDANT'S MOTION TO AMEND CONDITIONS OF SUPERVISED RELEASE</u>**

Defendant BRUCE WHITTLER, by the Federal Defender Program and its attorney, MARY H. JUDGE, respectfully requests that the Court amend the conditions of supervised release as a result of a recent Seventh Circuit decision. In support, and limited to the facts relevant for this motion, Mr. Whittler states as follows:

On July 16, 2012, Judge St. Eve imposed a sentence of 92 months after Mr. Whittler pled guilty to a one count indictment charging conspiracy to possess with intent to distribute 50 grams or more of cocaine. The Court also imposed a special condition of supervision requiring participation in a sex offender treatment program, if deemed necessary after an evaluation.

On January 5, 2018, Mr. Whittler completed his term of imprisonment and began supervised release. On August 10, 2018, the case was reassigned to Your Honor.

On August 13, 2018, probation filed a Special Report advising the Court that Mr. Whittler completed the psychosexual evaluation, but was refusing to comply with the treatment services plan, which included a polygraph.

On February 27, 2019, this Court entered an order requiring Mr. Whittler to participate in sex offender treatment, including the polygraph. The Court then set a status hearing date for May 21, 2019.

Recently, the Seventh Circuit issued an opinion in *Lacy v. Butts*, No. 17-3256 (7th Cir. April 25, 2019), affirming the lower court ruling that part of Indiana's Sex Offender Management and Monitoring program violates the Constitution. The Court determined that the program compelled inmates "to be a witness against themselves" contrary to the Fifth Amendment, by requiring convicted sex offenders to confess to their crimes while truthfully participating in sex offender treatment, or lose good time credit for failing to do so. *Id.*

Mr. Whittler's federal case is not a sex offense, but a drug trafficking offense. The sex offense conviction triggering the sex offender treatment and polygraph occurred in 1998. Although Mr. Whittler entered a plea of guilty for a time served sentence instead of risking a decades-long term of imprisonment, his position in federal court has always been that he is not a sex offender and does not need sex offender treatment. The order to truthfully participate in sex offender treatment and partake in a polygraph, is likewise, compelling Mr. Whittler to be a witness against himself, contrary to the Fifth Amendment and the Seventh Circuit. If Indiana's sex offender program violates the Fifth Amendment by withholding good time credit reductions, than it follows that supervised release revocation and reimprisonment certainly would cross that line, as well.

For these reasons, Mr. Whittler is asking the Court to amend its current conditions of supervised release eliminating the sex offender treatment and polygraph. All other conditions, including mental health treatment, would not be impacted if the Court grants this motion.

                                                Respectfully submitted,

                                                FEDERAL DEFENDER PROGRAM
                                                John F. Murphy
                                                Executive Director

                                            By: s/*Mary H. Judge*
                                                    Mary H. Judge

FEDERAL DEFENDER PROGRAM
55 E. Monroe Street, Suite 2800
Chicago, IL 60603
(312) 621-8336

## **CERTIFICATE OF SERVICE**

The undersigned, <u>Mary H. Judge</u>, attorney with the Federal Defender Program hereby certifies that in accordance with FED.R.CRIM. P. 49, FED. R. CIV. P5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document(s):

**DEFENDANT'S MOTION TO AMEND CONDITIONS OF SUPERVISED RELEASE**

was served pursuant to the district court's ECF system as to ECF filings, if any, and were sent by first-class mail/hand delivery on <u>April 30, 2019</u>, to counsel/parties that are non-ECF filers.

                                        FEDERAL DEFENDER PROGRAM
                                        John F. Murphy
                                        Executive Director


                                        By: s/*Mary H. Judge*
                                             Mary H. Judge

FEDERAL DEFENDER PROGRAM
55 E. Monroe Street, Suite 2800
Chicago, IL 60603
(312) 621-8336