# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 10 CR 987-1 |
| | ) | |
| BRUCE WHITTLER, | ) | Judge Sara L. Ellis |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

After pleading guilty to conspiracy to possess with intent to distribute and to distribute a controlled substance, and following his release from prison and the beginning of his term of supervised release for possession, Defendant Bruce Whittler now moves to amend the conditions of his supervised release to strike the requirement that he submit to a polygraph test regarding his sexual history and sex-offender treatment as a violation of his Fifth Amendment right against self-incrimination. Because this condition is not reasonably related to the offense of conviction, and Whittler's sexual misconduct is too remote for such a condition to serve the interests of deterrence, rehabilitation, or protection of the public, the Court grants Whittler's motion.

## BACKGROUND

On July 16, 2012, Judge St. Eve sentenced Whittler to 92 months in prison after he pleaded guilty to one count of conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine. Prior to this conviction, Whittler pleaded guilty in 1998 in state court to one count of predatory criminal sexual assault. As a result, Whittler is a registered sex offender. Part of Whittler's conditions of supervised release in this case included participation in a sex-offender treatment program, if deemed necessary after an evaluation.

On January 5, 2018, Whittler completed his term of imprisonment and began his supervised release. On August 10, 2018, this case was reassigned to this Court. A few days later, the Probation Officer filed a report advising the Court that Whittler had completed the psychosexual evaluation, which included interviews, two polygraph assessments, and a sexual interest assessment, but was refusing to comply with the treatment services plan, which included weekly sex-offender treatment readiness groups and quarterly polygraph assessments. The Court ordered Whittler to participate in individual therapy for three months to reevaluate the need for sex-offender treatment as part of his supervised release. On February 25, 2019, the Probation Officer filed a report from Whittler's therapist in which the therapist was unable to provide the Court with a clinical recommendation as to Whittler's risk of re-offending. The therapist recommended that the Court order Whittler to: "(1) complete a detailed sexual history from age 21 to the present; (2) submit to a sexual history polygraph testing the veracity of his self-reported sexual history; and (3) continue weekly individual therapy sessions focusing on the dynamic risk factors relevant to his current functioning." Doc. 121 at 6. On February 27, 2019, the Court ordered Whittler to complete the report and polygraph to accurately assess his risk. Whittler now moves to amend his conditions of supervised release to eliminate the sex-offender treatment and quarterly polygraphs.

## ANALYSIS

Although the parties focus their arguments on this condition's potential violation of Whittler's Fifth Amendment rights, the Court finds a fundamental problem with this condition: it is not rationally related to the offense of conviction. Regarding conditions of supervised release, 18 U.S.C. § 3583(d) requires that they "be no greater a deprivation of liberty than reasonably necessary and *bear a reasonable relationship to the particular circumstances of the case*."

*United States v. Silvious*, 512 F.3d 364, 370–71 (7th Cir. 2008) (emphasis added) (finding district court erred—though it did not amount to plain error—in imposing ban on gambling and internet access without relating conditions to the circumstances of the case).

The Seventh Circuit has repeatedly affirmed that district courts can easily modify conditions of release "at any time prior to the expiration or termination of the term of supervised release." *United States v. Tejeda*, 476 F.3d 471, 475–76 (7th Cir. 2007) (citing 18 U.S.C. § 3583(e)(2) and noting "[t]he ease with which" a district judge can modify conditions of release); *Silvious*, 512 F.3d at 371 ("[C]onditions of supervised release are readily modifiable at the defendant's request."); *United States v. Bour*, 804 F.3d 880, 887 (7th Cir. 2015) ("*Silvious* . . . encourages defendants to begin by asking district courts to modify conditions of release"). "[J]ust as a district court has wide discretion when imposing the terms of supervised release . . . so too must it have wide discretion in modifying the terms of that supervised release." *United States v. Sines*, 303 F.3d 793, 800 (7th Cir. 2002).

In determining whether to modify Whittler's conditions of supervised release, the Court must consider the same factors that were considered in imposing those conditions. Specifically, the Court must ensure that the particular condition:

> (1) is reasonably related to specified sentencing factors, namely the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) is reasonably related to the need to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) involves no greater deprivation of liberty than is reasonably necessary to achieve these goals; and
>
> (4) is consistent with any pertinent policy statements issued by the Sentencing Commission.

*United States v. Neal*, 662 F.3d 936, 938 (7th Cir. 2011); 18 U.S.C. §§ 3583(d), 3553(a)(1), (a)(2)(B)–(D); U.S. Sentencing Guidelines Manual § 5D1.3(b).

The Court finds neither evidence nor argument that this condition of supervised release is reasonably related to the nature and circumstances of the offense of conviction in this case. There is no indication in the indictment, in the plea agreement, in either of the sentencing memoranda, or anywhere else in the record of this case that Whittler's possession of cocaine in this case had any relation to illegal sexual conduct.

However, relation to the offense of conviction is only part of the criteria. "The terms of supervised release must be reasonably related to the goals of sentencing—deterrence, rehabilitation, and protecting the public—in light of the history and characteristics" of the defendant. *United States v. Evans*, 727 F.3d 730, 731 (7th Cir. 2013). In a "close[] call" in *Evans*, the Seventh Circuit found that despite the fact that the underlying conviction was for drug and firearm possession and bore no relation to a sexual offense, the goals of deterrence, rehabilitation, and protecting the public would be served by a condition of supervised release that included sex-offender treatment "[b]ecause Evans' sex-offense conviction was contemporaneous to his drug and firearm convictions." *Id*. In this case, however, Whittler's sexual misconduct was over twenty years ago in 1998. The Seventh Circuit goes on to explain that other circuits

> have vacated such conditions if the defendant's last incident of sexual misconduct is so remote in time that it does not support any present need to rehabilitate the defendant or protect the public. For instance, in *United States v. Scott*, 270 F.3d 632 (8th Cir. 2001), the Eighth Circuit vacated a sex-offender treatment condition included in the defendant's sentence for the crime of armed robbery, when the condition was predicated on a sexual offense that occurred in 1986. *Id*. at 633. The Court reasoned that because there was no evidence that the defendant 'has a propensity to commit any future sexual offenses, or that [he] has repeated this behavior in any way since his 1986 conviction . . ., the special conditions seem unlikely to serve the goals of deterrence or public

4

safety, since the behavior on which the special conditions are
based, though highly reprehensible, has ceased.'" *Id.* at 636.

*Evans*, 727 F.3d at 734; *see United States v. T.M.*, 330 F.3d 1235, 1240 (9th Cir. 2003) ("Supervised release conditions predicated upon twenty-year-old incidents, without more, do not promote the goals of public protection and deterrence."); *United States v. Carter*, 463 F.3d 526, 532–33 (6th Cir. 2006) (vacating sex-offender treatment condition that was predicated on sexual offense committed seventeen years earlier in the sentence for firearms conviction). "The common theme in these decisions is that sex-offender treatment is reasonably related to the factors in § 3553(a), even if the offense of conviction is not a sex offense, so long as the sexual offenses are recent enough in the defendant's history that the goals of rehabilitation and protecting the public justify an order for treatment." *Evans*, 727 F.3d at 735.

Whittler's sexual misconduct was more than twenty years ago. Indeed, "[i]t is difficult to see how sex-offender therapy would suddenly be necessary twenty years later to rehabilitate [Whittler] or to protect the public." *Id.* As such, the Court finds that this condition of supervised release does not reasonably relate to the nature of the underlying offense, or achieve the goals of deterrence, rehabilitation, or protection of the public.

## CONCLUSION

For the foregoing reasons, the Court grants Whittler's motion to amend the conditions of his supervised release [123]. The Court strikes the condition of supervised release requiring sex-offender treatment and polygraph tests. All other conditions, including mental health treatment, remain in effect.

Dated: November 5, 2019

SARA L. ELLIS
United States District Judge